UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

In re:                                             Chapter 7
Kent Gordon Kilstrom
Juliana Kilstrom,                                  Bankruptcy No. 09-03587 S
    Debtors.

MEMORANDUM DECISION RE:
TRUSTEE'S MOTION FOR TURNOVER

    Case trustee Donald H. Molstad asks the court to order debtor Kent Kilstrom to turn over to him the proceeds of a bank account paid to Kilstrom after his chapter 7 case was closed. Kilstrom objects. Hearing on the motion was held February 15, 2011. Donald H. Molstad appeared on his own behalf as trustee. Tod Deck appeared for Kilstrom. This is a core proceeding under 28 U.S.C. § 157(b)(2)(E). The parties agree that the facts are undisputed. Kilstrom has filed a brief; trustee has not. The court finds the facts to be as follows.

Findings of Fact

    Kent and Juliana Kilstrom filed their joint chapter 7 petition on December 15, 2009. Donald H. Molstad was appointed trustee. Molstad filed a Report of No Distribution, and on March 24, 2010, a Final Decree was entered closing the case.

    Kent Kilstrom's mother, Marian Kilstrom, on or about December 13, 2009, opened a certificate of deposit account at American Bank, NA in the amount of $21,269.99. Exhibit 4. The account was individually owned by Marian Kilstrom, however, she made a Pay on Death Designation, naming her three children as beneficiaries. They are Marsha Watts, Steven Kilstrom, and Kent Kilstrom, the debtor. Id. As to the Pay on Death (P.O.D.) aspect of the account, the agreement with bank stated in pertinent part as follows:

> Beneficiaries cannot withdraw unless: (1) all persons creating the account die, and (2) the beneficiary is then living. If two or more beneficiaries are named and survive the death of all persons creating the account, such beneficiaries will own this account in equal shares, without right of survivorship. Any such beneficiary may withdraw all or any part of the account balance. The person(s) creating [this account

>   type] reserves the right to: (1) change beneficiaries; (2) change account types; and (3) withdraw all or part of the deposit at any time.

Exhibit 4, p. 2.

Marian Kilstrom died on April 18, 2010, after Kent Kilstrom's bankruptcy case had closed. See Exhibit 1. She died testate, and Kent and his brother and sister were named as beneficiaries under her will. Id. The value of the P.O.D. account at the time of Marian's death was $21,424.39. Exhibit 2. On May 20, 2010, American Bank issued a cashier's check to Kent G. Kilstrom in the amount of $7,153.53, his one-third share of the account. The payment presumably included some interest from after the date of death.

On August 2, 2010, trustee Molstad moved to reopen Kilstrom's bankruptcy estate in order to recover any "inheritance" from his mother's estate (doc.14). The case was reopened on August 3, 2010, and on December 17, 2010, Molstad filed a motion seeking turnover of Kilstrom's share of the proceeds of the P.O.D. account (doc. 25). Kilstrom resisted the motion (doc. 29). Prior to the resistance, Molstad had amended the motion to correct its certificate of service (doc. 26). Kent and Juliana Kilstrom obtained new counsel, and he filed further resistance (doc. 36).

## The Dispute

The trustee contends that Kilstrom's share of the P.O.D. account is property of his bankruptcy estate pursuant to 11 U.S.C. § 541(a)(5). The subsection provides that the following is included in property of the estate in a voluntary, joint case.

>   Any interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date–
>       (A) by bequest, devise, or inheritance;
>       (B) as a result of a property settlement agreement with the debtor's spouse, or of an interlocutory or final divorce decree; or
>       (C) as a beneficiary of a life insurance policy or of a death benefit plan.

11 U.S.C. § 541(a)(5)(A)-(C).

2

Trustee contends that Kilstrom's share of the P.O.D. account is "in essence" an inheritance, within the meaning of the statute because Kilstrom's right to receive it was created by his mother's death. He does not claim it is either a bequest or devise, which in Iowa involve testamentary dispositions. Iowa Code § 633.3(3), (11). He does not argue that Kilstrom received his share of the account as a beneficiary of a "death benefit plan," notwithstanding his citation of this court's decision in In re Solma, 2007 WL 1226112 (Bankr. N.D. Iowa 2007). He does not address how that decision is controlling, and I conclude that it is not.

His contention is that Kilstrom's share of the P.O.D. account is an inheritance. "Congress has generally left the determination of property rights in the assets of a bankrupt's estate to state law." Butner v. United States, 440 U.S. 48, 54, 99 S.Ct. 914, 918 (1979). Trustee has not referred the court to a federal interest which would require a different analysis in this matter.

The definition section of the Iowa Probate Code, § 633.3, does not define "inheritance." However, the Code's Division IV, Part 1, deals with "Intestate Succession" and the "Rules of Inheritance." Iowa Code §§ 633.210-226. Various subsections provide for heirs of an intestate to inherit. See, e.g., § 633.220. Black's Law Dictionary defines "inheritance" as property "received from an ancestor under the laws of intestacy," or as property "that a person receives by bequest or devise." Black's 853 (9th ed. 2009).

I conclude that the monies received by Kilstrom from the pay on death account established by his mother and which were paid as a result of her death within six months after the filing of his bankruptcy petition are not included as property of his bankruptcy estate by 11 U.S.C. § 541(a)(5). Cases from two other jurisdictions support this conclusion. See Holter v. Resop (In re Holter), 401 B.R. 372 (Bankr. W.D. Wis. 2009); In re Hall, 394 B.R. 582 (Bankr. D. Kan. 2008), aff'd, 441 B.R. 680 (B.A.P. 10th Cir. 2009).

IT IS ORDERED that judgment shall enter that the trustee's motion for turnover is denied.

Dated and Entered:
March 17, 2011

*[signature: WL Edmonds]*

William L. Edmonds, Bankruptcy Judge